NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

INTEGON PREFERRED INSURANCE
COMPANY, a foreign corporation,

        Plaintiff-counter-defendant -
Appellee,

  v.

DANIEL WILCOX; ELIZABETH
WILCOX, Washington Residents,

        Defendant-counter-claimants -
Appellants,

  v.

SMITH FREED & EBERHARD, PC, a
foreign professional services corporation;
LAW OFFICE OF ROBERT WRIXTON
WARREN, a Washington professional
limited liability company; DBA, Wrixton
Law Office,

        Third-party-defendants -
Appellees.

  and

No. 25-5424

D.C. No.
2:21-cv-01501-BJR

MEMORANDUM*

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ERIC HOFF, a Washington Resident,

 Defendant,

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted May 29, 2026[**]

Before: W. FLETCHER and JOHNSTONE, Circuit Judges, and RAKOFF, District Judge.[***]

Daniel and Elizabeth Wilcox appeal from the district court's orders (1) granting summary judgment to Integon Preferred Insurance Company ("Integon") on its duty-to-defend declaratory judgment claim; (2) granting partial summary judgment to Integon on the Wilcoxes' extra-contractual counterclaims which rely on the duty-to-defend claim; and (3) denying summary judgment to the Wilcoxes on the extra-contractual counterclaims.  The district court properly entered final judgment under Federal Rule of Civil Procedure 54(b). *See Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part.

We review a grant of summary judgment de novo to determine if there exists

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

25-5424

any genuine dispute of material fact and if the district court correctly applied the substantive law. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). There is a genuine dispute of material fact if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

1.     The Wilcoxes raise a genuine dispute of material fact as to whether Integon was prejudiced by the Wilcoxes' failure to turn over the relevant filings. Under Washington law, "where an insured breaches a 'prompt notice' provision of an insurance policy, the insurer is not relieved of its duties under the insurance contract unless it can show that the late notice caused it actual and substantial prejudice." *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wash. 2d 411, 426 (2008) (en banc). "Whether or not late notice prejudiced an insurer is a question of fact, and it will seldom be decided as a matter of law." *Id.* at 427.

A reasonable jury could find that Elizabeth Wilcox gave Integon prompt notice of the underlying lawsuit when she called the company on February 3, 2020, to inquire about the status of the underlying lawsuit's plaintiff's claim. Her husband had been served with process in the underlying lawsuit just two days earlier, on February 1, 2020. On the call, Elizabeth specifically stated: "[T]he reason I'm calling is two years has gone by and we hadn't heard anything about this lawsuit." Although Elizabeth's November 18, 2022, deposition may suggest that she was talking about "the demand letter" and not the new underlying lawsuit,

the words "this lawsuit" strongly suggest that she was talking about the recently filed lawsuit. Reading the facts in the light most favorable to the Wilcoxes, a reasonable jury could conclude that she timely informed Integon about the underlying lawsuit. Therefore "on the record before us we cannot say that [Integon] has proved prejudice as a matter of law." *Mut. of Enumclaw Ins.*, 164 Wash. 2d at 431.

2.     Because we reverse the district court's orders granting summary judgment to Integon on the duty-to-defend claim, we also reverse its orders granting summary judgment to Integon on the Wilcoxes' extra-contractual counterclaims, and affirm its denial of summary judgment for the Wilcoxes on their extra-contractual counterclaims.[1]

3.     We decline to reassign the case to a different district court judge on remand. *See, e.g.*, *Krechman v. County of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013) ("Reassignment . . . is reserved for rare and extraordinary circumstances.").

**AFFIRMED in part and REVERSED in part.**[2]

---

[1]     Because we reverse the order granting summary judgment to Integon, we need not reach the issue of the district court's refusal to consider the Wilcoxes' expert.

[2]     Each party shall bear their own costs on appeal.

25-5424